IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. **3:12CR84**

**MICHAEL PACELLI,**

Petitioner.

**MEMORANDUM OPINION**

Michael Pacelli, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 43). The Government has filed a Motion to Dismiss, asserting that Pacelli's § 2255 Motion is barred by the statute of limitations. (ECF No. 50.) Pacelli has filed a Response. (ECF No. 52). For the reasons set forth below, the Motion to Dismiss will be GRANTED.

**I.  PROCEDURAL HISTORY**

On September 17, 2012, Pacelli pled guilty to Transportation of a Minor for Illegal Sexual Activity (Count One) and Production of Child Pornography (Count Two). (ECF No. 21, at 1–2.)[1] On December 19, 2012, the Court entered judgment against Pacelli and sentenced him to 405 months of incarceration on Count One, and a concurrent sentence of 360 months on Count Two. (ECF No. 34, at 2.) Pacelli filed no appeal. On December 23, 2020, Pacelli filed the instant § 2255 Motion. (ECF No. 43, at 12.)[2]

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for citation to the record. The Court corrects the capitalization, spelling, and punctuation in the quotations from Pacelli's submissions.

[2] This is the date that Pacelli indicates that he placed his § 2255 Motion in the prison mailing system. The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

In his § 2255 Motion, Pacelli raises the following claims for relief:

Claim One: "District Judge John GA. Gibney (JR) was biased in sentencing." (*Id.* at 4.)

Claim Two: "Sentencing disparity was not recognized during the sentencing." (*Id.* at 5.)

Claim Three: "The biasedness by the Government was a direct lie!!!" (*Id.* at 6.)

Claim Four: "Ineffective assistance of counsel!! His attorney lied." (*Id.* at 7.)

As discussed below, Pacelli's § 2255 Motion is untimely and will be dismissed.

## II. STATUTE OF LIMITATIONS ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Pacelli did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Wednesday January 2, 2013, the last date to file an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P.

2

4(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment). Hence, Pacelli had until Thursday, January 2, 2014, to file any motion under 28 U.S.C. § 2255. Because Pacelli did not file his § 2255 Motion until December 23, 2020, nearly seven years after that date, the § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1). Unless Pacelli demonstrates a viable basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4) or any equitable reason for not enforcing the limitation period, the action is barred by the statute of limitations.

Pacelli contends that "my attorneys put into my head that there was nothing to fight for, plus they saw that I was a hurting man. No one told me that I have a one-year period of limitation. That is why I am asking the Court to hear my motion." (ECF No. 43, at 11.)[3] The Court construes Pacelli to argue that he is entitled to an equitable tolling of the limitation period.

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). At most, Pacelli argues that he was unaware of the one-year statute of limitations. However, Pacelli's lack of knowledge of the law fails to constitute an extraordinary

---

[3] In his Response to the Motion to Dismiss, Pacelli fails to address the timeliness of his § 2255 Motion and instead complains about the unreasonableness of his sentence.

3

circumstance. Rather, "ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citations omitted).

Thus, Pacelli fails to demonstrate entitlement to equitable tolling based on his lack of knowledge of the filing deadline for his § 2255 Motion.[4] Because the Court finds that Pacelli's § 2255 Motion is untimely, the Government's Motion to Dismiss (ECF No. 50) will be GRANTED.

### III. CONCLUSION

The Motion to Dismiss (ECF No. 50) will be GRANTED, and Pacelli's § 2255 Motion (ECF No. 43) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 2 September 2021
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[4] Pacelli does not demonstrate a viable basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4).

4